IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**RONNIE J. NIXON**                                                                              **PLAINTIFF**

v.                                    No: 3:18-cv-00181 KGB-PSH

**SUSAN COX,** *et al.*                                                                 **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Ronnie J. Nixon filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 24, 2018 (Doc. No. 1). On September 26, 2018, the Court entered an order directing Nixon to submit the full $400.00 filing and administrative fees or file a fully completed and signed IFP application within 30 days. Doc. No. 2. Mail sent to Nixon was returned as undeliverable, and the envelope was entered on the docket. Doc. No. 3. On October 9, 2018, the Court entered a text order notifying Nixon that the mail could not be delivered to him because he was no longer at the address he provided. Doc. No. 4. Nixon was directed to provide notice of his current mailing

address by no later than thirty days from the entry of the October 9, 2018 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelopes containing the Court's September 26 order and the Court's October 9 text order could not be delivered to Nixon because he was no longer at the address he provided, and the envelopes were returned to the Clerk of the Court and entered on the docket. Doc. Nos. 5-7. Because Nixon did not update his address, the Court recommended the case be dismissed. *See* Doc. No. 8.

On December 13, 2018, Nixon filed a notice indicating he was still in the Poinsett County Detention Center (Doc. No. 9). The same day, the Court withdrew its Recommended Disposition entered on November 14, 2018. *See* Doc. No. 10. The Court ordered Nixon to pay the full $400.00 filing and administrative fees or file a fully completed and signed IFP application within 30 days, and to also file an amended complaint within 30 days confirming that he is still incarcerated in the Poinsett County Detention Center and explaining why he believed he was in danger of imminent serious physical injury when he filed this lawsuit.[1] *Id.* The Court warned Nixon that he if did not comply, it would recommend the dismissal of his case. *Id.* On December 26, 2018, Nixon filed a list of his medications with no explanation of what medical conditions he has or why he believes he is in danger of imminent serious physical injury (Doc. No. 11).

More than 30 days have passed, and Nixon has not complied with the December 13 order. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to

---

[1] Because Nixon is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), he must either pay the full filing fee or show that he was in danger of imminent serious physical injury when he filed this lawsuit. The following cases filed by Nixon were dismissed for failure to state a claim: *Nixon v. Mills, et al.,* No. 3:10-cv-00012-BSM; *Nixon v. Cox,* 3:17-cv-00122-BRW; *Nixon v. Hitt, et al.,* No. 3:17-cv-00138-JM.

comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Nixon's complaint (Doc. No. 1) be dismissed without prejudice.

DATED this 16th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE